Michael J. McCue (NV Bar No. 6055)
Nikkya G. Williams (NV Bar No. 11484)
Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:  (702) 949-8298

*Attorneys for Defendants Jan Klerks and Stichting Wolkenkrabbers*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> JAN KLERKS, an individual, and STICHTING WOLKENKRABBERS, an individual, <br><br> Defendants. | Case No.  2:10-cv-00741-GMN-LRL <br><br> **DEFENDANT JAN KLERKS' MOTION TO SET ASIDE DEFAULT** |

Defendant Jan Klerks, through counsel, hereby moves the Court to set aside the Clerk's entry of default on July 9, 2010.  This motion is supported by the memorandum of points and authorities below, and  the declarations of Michael J. McCue (the "McCue Decl.") and Jan Klerks (the "Klerks Decl.") attached hereto.

**I.     STATEMENT OF FACTS**

On May 19, 2010, Plaintiff Righthaven LLC filed this lawsuit against Defendants Jan Klerks and Stichting Wolkenkrabbers alleging copyright infringement.  (Doc. 1.)  Righthaven filed an Affidavit of Service attesting that Mr. Klerks was personally served with the summons, complaint and exhibits on June 14, 2010 at 3360 South State Street, Chicago, Illinois, 60616. (Doc. 7.)

Mr. Klerks denies that he ever received these court papers.  Mr. Klerks' office is located at 3410 South State Street, not 3360 South State Street. (Klerks Decl. ¶ 3.)  Mr. Klerks learned of the lawsuit against him based on a telephone call from a *Las Vegas Sun* reporter and Internet searches.

(*Id*. at ¶¶ 4-5.) He subsequently was able to obtain a copy of the complaint through the Internet. (*Id*. at ¶ 5.) To date, he has never been personally served with the summons, complaint and exhibits in this case. (Id. at ¶ 5.) After Mr. Klerks became aware that Righthaven alleged that it had properly served him, he promptly sought assistance of Nevada counsel. Mr. Klerks' counsel contacted Righthaven and requested that Righthaven voluntarily set aside the entry of default. (McCue Decl. ¶ 2.) Righthaven refused to do so. (*Id*. at ¶ 3.) When Mr. Klerks' counsel asked Righthaven why it would not set aside default, Righthaven failed to respond, necessitating the filing of the current motion. (*Id*. at ¶ 4.)

## II.     LEGAL ARGUMENT

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause. . . ." To determine "good cause", the Court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *U.S. v. Mesle*, No. 09-55353, 2010 WL 3025014, at *3 (9th Cir. Aug. 4, 2010) (citing *Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 2010 WL 3025014, at *3 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

### A.     Defendant Did Not Engage In Culpable Conduct.

A defendant's conduct is culpable "if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original). As the Ninth Circuit has explained, in the context of a motion to set aside default, the term "intentionally" means that "a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, at *4. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation…is not intentional." *TCI Group*, 244 F.3d at

697. Typically, a defendant's conduct is culpable for purposes of the good cause factors "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.*  Simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default. *Id.*

In this case, Mr. Klerks did not engage in culpable conduct.  He was not served with a summons and complaint.  He became aware of the suit through a reporter and Internet search.  He did not intentionally fail to answer. To the contrary, he did not know that he was in any way required to answer.  Once he realized that Righthaven was claiming that service had been effected, Mr. Klerks promptly retained Nevada counsel.  At most, Mr. Klerks' failure to answer is neglectful, not intentional, and neglectful conduct is not culpable.  Therefore, this factor weighs in favor of setting aside the default.

**B.     Defendant Has A Meritorious Defense.**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *See TCI Group*, 244 F.3d at 700. All that is necessary to satisfy the meritorious defense requirement is "to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default." *Id.*

Mr. Klerks has a meritorious defense. Righthaven is a "copyright troll" -- an entity formed for the sole purpose of acquiring copyrights of allegedly infringed articles published in the *Las Vegas Review-Journal* and then suing, without prior notice, any web site operator whose site contains any portion of the article, regardless of whether the web site operator itself published the material.  Since March 2010, Righthaven has filed approximately 100 such lawsuits in the District of Nevada.  If the case cannot be settled, Mr. Klerks intends to assert several meritorious defenses, including fair use, *de minimis* copying, and implied license.

Mr. Klerks can allege facts necessary to establish the fair use defense under 17 U.S.C. § 107 . The alleged copyright infringement occurred on a website at skyscrapercity.com.  This is a

not-for-profit, informational website that provides a forum for enthusiasts from all over the world to exchange information about skyscrapers and urban development.  The copyrighted work is a news article, originally published in the *Las Vegas Review-Journal*.  The allegedly infringing copy was posted by a third party on one of the forums on the skyscrapercity.com web site to provide information to readers.  Mr. Klerks did not profit from this conduct.  Moreover, upon information and belief, the posting of the article did not have any impact on the market for the article at issue Based on these facts, Mr. Klerks has a strong argument that the reproduction constitutes a fair use.

In addition, any infringement is *de minimis*.  See *Davis v. The Gap, Inc.*, 246 F.3d 152, 173 (2d Cir. 2001)("The *de minimis* doctrine is rarely discussed in copyright opinions because suits are rarely brought over trivial instances of copying…Trivial copying is a significant part of modern life.") and *Ringgold v. Black Entertainment Television, Inc.*, 126 F.3d 70, 74 (2d Cir. 1997) ("de minimis in the copyright context can mean…a technical violation of a right so trivial that the law will not impose legal consequences.")  As with every article that Righthaven is suing on, the allegedly infringed work was available for free on the *Las Vegas Review-Journal's* website and is still available for free by conducting a Google search on the title of the article.  There is no harm, no damages to Righthaven, the allegedly infringing copy has no plausible effect on the market for the copyrighted work.

Finally, Mr. Klerks can potentially establish an implied license.  The original owner of the copyright in the work at issue, the *Las Vegas Review-Journal*, offered the allegedly infringed work to the world for free when it was originally published.  It encouraged people to save links to the work or to send links to the work to others anywhere in the world at no cost and without restriction.  The *Las Vegas Review-Journal* web site also enables third parties to "right click" and copy the text of articles on the site.  Accordingly, based on this implied license, the allegedly infringing copy was, in fact, authorized by the *Las Vegas Review-Journal* and therefore, is not an infringement.  See *Field v. Google, Inc.*, 412 F. Supp.2d 1106, 1116 (D. Nev. 2006)("An implied license can be found where the copyright holder engages in conduct from which the other party may properly infer that the owner consents to his use.")

1  Based on Mr. Klerks meritorious defenses , this factor weighs in favor of setting aside the
2  default.

### C. There Is No Prejudice to Plaintiff.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701.  There is no prejudice where a party suffers the loss of a quick victory due to an opponent's procedural default and must resort to litigating on the merits. *Arrow Electronics, Inc. v. Night Operations Sys., Inc*, No. 3:10-cv-00175-ECR-VPC, 2010 WL 3119337, at *3 (D. Nev. Aug. 6, 2010).

Righthaven will not be prejudiced by setting aside the default.  The default was merely procedural and Mr. Klerks' failure to answer was unintentional.  Moreover, Righthaven has not served or entered default against the other defendant. Thus, Righthaven must litigate the case against the other defendant in any event. If the Court sets aside the default, at most, Righthaven would be required to litigate the case on the merits, which does not  constitute prejudice.  In addition, setting aside the default will further the strong  public policy of deciding cases on the merits.  Therefore, this factor also favors setting aside the default.

///

### III. CONCLUSION

All three of the "good cause" factors support setting aside the default in this case. Therefore, Defendant Jan Klerks respectfully requests that this Court grant his motion and set aside the default entered in this case.

Dated this 17 day of August, 2010.

LEWIS AND ROCA LLP

  /s/ Michael J. McCue  
Michael J. McCue (NV Bar No. 6055)
Nikkya G. Williams (NV Bar No. 11484)
Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8298

*Attorneys for Defendants Jan Klerks and Stichting Wolkenkrabbers*

### CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of Lewis and Roca LLP and that on this 17th day of August, 2010, I caused the document entitled:

**DEFENDANT JAN KLERKS' MOTION TO SET ASIDE DEFAULT**

to be served as follows:

[ ] by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Steven A. Gibson, Esq., Righthaven, LLC, 9960 West Cheyenne Avenue, Suite 210, Las Vegas, Nevada, 89129-7701, upon which first class postage was fully prepaid; and/or

[ ] Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ ] to be hand-delivered;

[ X ] by the Court's CM/ECF system.

  /s/ Diana Trujillo  .
An employee of Lewis and Roca LLP

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-6-

548136.2